## Marple Township v. Worrall et al.

*Lindenmuth & Class*, for petitioners.

SWENEY, P. J., March 15, 1955.—Plaintiff has filed its petition for declaratory judgment. Testimony was taken before the writer of this opinion and the matter is now ready for decision.

Plaintiff alleges that, on June 18, 1948, the sewer district known as Langford Run sewer district was created; on August 2, 1954, by ordinance no. 54-9, the

township determined to construct an addition to the sewer by constructing sewers and drains in the beds of Evergreen and Lovell Aves.; on July 28, 1954, certain property owners, named as defendants in this suit, filed objections and protests against this construction.

The question for decision is whether defendants are taxpayers of the township, whose property valuation constitutes 50 percent of the total property valuation, as assessed for taxable purposes within the township or sewer district.

The Act of July 10, 1947, P. L. 1481, sec. 31, 53 PS §19093-1502, provides that the resolution or ordinance, providing for construction of sewers, shall be advertised; that "before the expiration of twenty days after the last publication, taxpayers . . . of the affected sewer district, . . . whose property valuation, as assessed for taxable purposes within the . . . district shall amount to fifty per centum of the total property valuation, for such purposes of the . . . sewer district, . . . shall sign and file, in the office of the prothonotary of the Court of Common Pleas of the County in which the township is located, a written protest against the construction of such sewer", and such protest, duly filed, shall prevent the construction.

For the purposes of this case, it is admitted that the protest of defendants is in proper form and was filed in accordance with the act of assembly; further, it is agreed that defendants are owners of property which constitute more than 50 percentum of the assessed value of real estate on Evergreen Avenue and Lovell Avenue. These properties, however, constitute a very small percentage of the assessed value of real estate in the Langford Run sewer district and, for our purposes here, defendants' properties amount to much less than 50 percent of the total property valuation of the sewer district.

We must hold, therefore, that the written protest filed by defendants cannot prevent the construction planned by the township. A careful study of the act reveals that a valid protest to prevent construction must be signed by more than 50 percent of the tax-payers, on the basis of assessment and valuation in the entire sewer district. To hold otherwise would permit taxpayers on one street to prevent the construction of a continuing sewer, which is not the purpose or intent of the act.

### Decree

And now, March 15, 1955, it is ordered and decreed that the protest, filed by defendants in this case, is insufficient, in law, to prevent the construction of sewers and drains on Evergreen and Lowell Avenues in Marple Township, this county; that the protest be, and the same is, hereby stricken from the record.